IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MERIDIAN CAPITAL VENTURES, LLC,**

      **Plaintiff,**

   v.                                         Civil Action 2:16-mc-36
                                             Judge Michael H. Watson
                                             Magistrate Judge Jolson

**CAPITAL CITY ENERGY GROUP, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

In an Opinion and Order issued on January 30, 2017, this Court denied Plaintiff's Motion for the Appointment of a Receiver.  (Doc. 2 at 7).  In addition, the Court ordered Defendant to refrain from making any transfers or incurring any obligations outside the normal course of business until an agreement could be reached on the terms of the required notice and/or a process relating to future transfer of material assets.  (*Id*.).  The Court ordered the parties to meet and confer on that agreement and file a joint status report concerning the status of that agreement within fourteen days.  (*Id*.).  The joint status report was also to include an outline of the remaining issues and a proposal as to how to proceed in this case.  (*Id*.).  Finally, the Court advised the parties that they may, within fourteen days, file and serve on the opposing party a motion for reconsideration by a District Judge.  (*Id*. at 8 (citing 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5)).

Plaintiff did not file a motion for reconsideration by a District Judge, and the parties did not, as required by this Court's Opinion and Order, file a joint status report.  Instead, Defendant filed a Motion for Judgment as a Matter of Law, asserting that Plaintiff "decline[d] to participate" in creating a joint status report. (Doc. 37).  Almost immediately, Plaintiff filed a

response to Defendant's Motion, clarifying that it declined to participate because it did not feel that an agreement on required notice and/or a process relating to future transfer of material assets "is a useful or acceptable solution." (Doc. 38 at 1). Plaintiff elaborated, stating "[w]hile the Plaintiff appreciates the Court's effort to find a resolution, the proposed one does nothing to help the Plaintiff or to right the fraud perpetrated by the Defendant, which is why Plaintiff elected not to participate." (*Id.*). Based on the email attached to the response, it appeared to this Court that Plaintiff is pursuing alternative means of collecting its judgment. (*Id.*, PAGEID #: 445).

Because there appeared to be no issues remaining for this Court's resolution, on February 14, 2017, this Court issued an Order directing Plaintiff to show cause within seven days why this case should not be dismissed. (Doc. 39). The Court warned Plaintiff that if it failed to make such a showing, this action could be dismissed without prejudice for failure to prosecute. (*Id.*).

More than seven days have passed since the Court issued its Order, and Plaintiff has not filed a response or sought an extension of time in order to do so. Thus, it appears that Plaintiff no longer intends to pursue this action. The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Based upon the foregoing, the Court **RECOMMENDS** that this action be dismissed. Further, the Court recommends that the Motion for Judgment as a Matter of Law be **DENIED** as **MOOT**. (Doc. 37).

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  February 23, 2017        /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE